UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL DEWITT NELSON,<br><br>Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>Respondent. | No. 1:19-cv-01487-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 6) |

Petitioner Cecil Dewitt Nelson is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 22, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the petition be denied for lack of jurisdiction because petitioner (1) does not present a claim of actual innocence and (2) does not contend that he did not have an unobstructed procedural shot to assert his habeas claims, both of which requirements must be met when a federal prisoner challenges the legality of his detention under § 2241 as opposed to § 2255. (Doc. No. 6.) The findings and recommendations contained notice that any objections thereto were to filed within thirty (30) days after service. (*Id.* at 6.) Petitioner has not filed objections, and the time in which to do so has since expired.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having concluded that the pending petition must be denied, the court now turns to whether a certificate of appealability should issue. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA.") (citing *Porter v. Adams*, 244 F.3d 1006, 1006–07 (9th Cir. 2001)). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition should be denied to be debatable or wrong, or that petitioner should be allowed to proceed further.

For the reasons set forth above,

1. The findings and recommendations (Doc. No. 6) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 10, 2020**

UNITED STATES DISTRICT JUDGE

2