1
2
3
4
5
6
7
8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 CECIL DEWITT NELSON,                         No. 1:19-cv-01487-DAD-SKO (HC)

12                     Petitioner,

13        v.                                    ORDER DENYING PETITIONER'S MOTION
                                                FOR RECONSIDERATION
14 STEVEN LAKE, *Warden*,
                                                (Doc. No. 14)
15                     Respondent.

16

17        Petitioner Cecil Dewitt Nelson is a federal prisoner proceeding *pro se* and *in forma*

18 *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was

19 referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20 302.

21        Before the court is petitioner's request for reconsideration (Doc. No. 14) of the

22 undersigned's February 10, 2020 order adopting in full (Doc. No. 10) the assigned magistrate

23 judge's November 22, 2019 findings and recommendations (Doc. No. 6).  In that order, the court

24 denied petitioner's application for writ of habeas corpus for lack of jurisdiction.  (Doc. No. 10.)

25        Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

26 district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

27 for the following reasons:

28 /////

1

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

In his motion, petitioner states he never received the magistrate judge's findings and recommendations and was therefore unable to file objections to them.[1] (Doc. No. 14 at 1.) In any event, in his motion for reconsideration, petitioner asserts that this court does have jurisdiction over his petition, but provides no applicable reasoning to support that conclusory assertion. (*Id.* at 1–2.) As the court previously stated, jurisdiction over a challenge to a petitioner's federal conviction or sentence under 28 U.S.C. § 2255 lies solely with the sentencing court. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Although a very narrow exception exists which would allow him to proceed via § 2241, petitioner failed to satisfy that exception because he did

---

[1] The court has reviewed its docket which reflects service of the November 22, 2019 findings and recommendations by mail to plaintiff at his address of record. Moreover, that mailing was not returned to the court by the U.S. Postal Service.

not show that § 2255 provided an inadequate or ineffective remedy. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

Accordingly, and having considered the arguments presented by petitioner in his motion on their merits, plaintiff's motion for reconsideration (Doc. No. 14) is denied.

IT IS SO ORDERED.

Dated: __**April 1, 2020**__                  _____
                                                                     UNITED STATES DISTRICT JUDGE