UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL DEWITT NELSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN LAKE, *Warden*,<br><br>　　　　Respondent. | No. 1:19-cv-01487-DAD-SKO (HC)<br><br>ORDER DENYING PETITIONER'S SECOND REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 18) |

　　　　Petitioner Cecil Dewitt Nelson is a federal prisoner proceeding *pro se* and *in forma pauperis* with a now closed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before the court is petitioner's second request for reconsideration (Doc. No. 18; *see also* Doc. No. 14) of the undersigned's February 10, 2020 order adopting in full (Doc. No. 10) the assigned magistrate judge's November 22, 2019 findings and recommendations (Doc. No. 6). In the February 10, 2020 order, the court denied petitioner's application for writ of habeas corpus for lack of jurisdiction. (Doc. No. 10.)

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

    In the pending motion, petitioner includes a letter from the U.S Bureau of Prisons corroborating his earlier claim[1] that he never received the magistrate judge's findings and recommendations and was therefore unable to file objections to the findings and recommendations. (Doc. No. 18 at 1, 4.) This does not change the court's analysis. Even if the court construes the arguments that petitioner raises in his pending motion as objections to the magistrate judge's findings and recommendations, petitioner's argument is still unavailing. Like in his first request for reconsideration, petitioner contends that the court has jurisdiction over his petition. (*Id.* at 2.) This time, he argues that an exception applies here allowing him to proceed under § 2241 because § 2255 provides an inadequate or ineffective remedy. (*Id.*) However, he

---

[1] Petitioner had alleged in his first request for reconsideration that he had not received the magistrate judge's findings and recommendations. (Doc. No. 14.)

1 | provides no applicable reasoning, analysis, or facts to support his argument. (*Id.*)

2 | As the court explained in its order denying petitioner's first request for reconsideration, jurisdiction over a challenge to a petitioner's federal conviction or sentence under 28 U.S.C. § 2255 lies solely with the sentencing court. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Although a very narrow exception exists which would allow him to proceed via § 2241, petitioner fails to satisfy that exception because he does not show that § 2255 provided an inadequate or ineffective remedy. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

Having considered the arguments presented by petitioner in his motion on their merits, plaintiff's second request for reconsideration (Doc. No. 18) is denied. The court will entertain no further filings in this closed action.

IT IS SO ORDERED.

Dated:   **April 24, 2020**

_____
UNITED STATES DISTRICT JUDGE